IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:21-CV-00029 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' motion to dismiss for failure to prosecute. (Doc. 78.) Essentially, Plaintiff failed to appear for a deposition on February 14, 2023, and Defendants are seeking dismissal pursuant to Federal Rule of Civil Procedure 41. (*Id*.) The case management deadlines were stayed pending resolution of this motion. (Doc. 81.) Subsequently, Plaintiff has filed five additional motions in this case: (1) a motion for reconsideration of the February 23, 2023 order staying the proceedings pending the resolution of Defendant's motion to dismiss and denying Plaintiff's request for an extension of discovery, Doc. 84; (2) a request for permission to produce video and evidence due to newly discovered falsification perpetuated to the court alleging that the affidavits Defendants rely upon in their motion to dismiss are fraudulent, Doc. 98; (3) a motion to hold Defendants and defense counsel in contempt for their motion to dismiss, Doc. 101; (4) a motion for an injunction seeking that the witnesses who

1

provided affidavits in support of Defendants' motion to dismiss be terminated from their employment, Doc. 103; and (5) a motion of Defendants' forfeiture of counsel seeking that Defendants' right to counsel be revoked, Doc. 109.  For the reasons set forth below, the court will grant Defendants' motion to dismiss, dismiss the amended complaint, and deny all pending motions as moot.

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in January of 2021 and then proceeded to amend the complaint on February 10, 2021.  (Docs. 1, 6.)  The amended complaint raises claims of retaliation, cruel and unusual punishment, and violations of due process against eighteen correctional defendants.  (Doc. 6.)  Following motions brought under Fed. R. Civ. P. 12, the surviving claims include First and Eighth Amendment claims against Defendants Lieutenant Yoder, Correctional Officer Kepp, Sargent Jorden, Correctional Officer Kemmel, Correctional Officer Anthony, Correctional Officer Spohr, and Lieutenant Dructs.  On April 13, 2022, these remaining Defendants answered the complaint.  (Doc. 32.)  On July 27, 2022, the court entered a case management order setting forth deadlines for fact discovery and dispositive motions.  (Doc. 48.)  On January 5, 2023, Defendants filed a motion to take a deposition of Plaintiff pursuant to Fed. R. Civ. P. 30.  (Doc. 71.)  This motion was granted on January 9, 2023 stating, "Defendants may depose Plaintiff Stockton at a place and time suitable to the

prison administration wherein Plaintiff is currently confined." (Doc. 72.) On February 14, 2023, the Defendants filed that instant motion and brief in support to dismiss for failure to prosecute alleging that a deposition was scheduled earlier that day and Plaintiff had refused to attend the deposition. (Docs. 78, 79.)

The court entered an order staying the case management deadlines pending resolution of this motion. (Doc. 81.) Defendant filed a motion to produce video footage from February 14, 2023, alleging that all his interactions with DOC staff is recorded on handheld video cameras. (Doc. 82.) The court granted this motion. (Doc. 86.) Defendants responded with affidavits from K. Mohney and Lieutenant Walker explaining that no DOC staff went to Plaintiff's cell to collect him for the deposition, but he was instead called over the intercom system and refused to attend. (Doc. 63.) Plaintiff filed a brief in opposition to the motion to dismiss alleging that the security camera in the pod would support his assertions that no one came to his cell to gather him for the deposition and that K. Mohney and Lieutenant Walker are lying about the intercom. (Docs. 96, 96-1.) Defendants filed a reply. (Doc. 97.) The motion is now ripe for the court's consideration.

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

**VENUE**

Venue is proper in this district as all acts and omissions giving rise to the claims that survived the Rule 12(b)(6) motion occurred at SCI-Coal Township, which is located within this district. *See* 28 U.S.C. § 118(b).

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Third Circuit has identified six factors – commonly referred to as the *Poulis* factors – to consider when contemplating dismissal of a case for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *See Poulis v. State Farm Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Third Circuit has explained that no single *Poulis* factor is determinative, and that dismissal may be appropriate even if some of the factors are not met. *See Shields*, 474 F. App'x at 858; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Third Circuit also cautions that "dismissal with prejudice is only appropriate in

limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The first *Poulis* factor is an inquiry into the noncompliant party's personal responsibility. Generally, an unrepresented plaintiff is personally responsible for his failure to comply with court orders: "unlike a situation in which a dismissal is predicated upon an attorney's error, [a] plaintiff [proceeding] *pro se* [is] directly responsible for her actions and inaction in the litigation." *Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005). Here, Plaintiff was aware of the deposition as the court order granting permission for the deposition was sent to Plaintiff and Defendants provided him with notice at least 20 days prior the deposition. (Docs. 72, 78-1).

The crux of the issue between the parties is who was responsible for Plaintiff missing the deposition on February 14, 2023, Plaintiff or DOC staff at SCI-Forest, where Plaintiff is currently housed. Plaintiff is insistent that no individual came to his cell to gather him for the deposition. (Doc. 96.) Defendants have agreed that no DOC staff came to Plaintiff's cell to gather him for the deposition, but insist that DOC staff made repeated attempts to inform Plaintiff that he was due for his deposition over the intercom, and Plaintiff refused to respond or leave his cell. (Doc. 93.) In support of their stance, Defendants have provided affidavits from Correctional Officer K. Mohney and Lieutenant J. Walker and the Adjustment

5

Record for Security Level 5 Inmates form stating that Plaintiff "would not acknowledge to go to teleconference." (Docs. 93-1, 93-2.)

Plaintiff responds by asserting that Lieutenant J. Walker is lying. (Doc. 93.) As support for his claims, Plaintiff provides the grievances he has filed against Lieutenant J. Walker alleging past false statements and falsification of documents. (Docs. 96-3, 96-4, 96-5.) He also asserts that there was a work order entered to repair the intercom system, and asserts this is further evidence of Defendants submitting falsified evidence. (Docs. 98, 99, 103.)

Here, only Defendants presented evidence in support of their assertions. Plaintiff has presented mere allegations. This is not sufficient. In light of the affidavits and the Adjustment Record for Security Level 5 Inmates form, the court finds that Plaintiff was responsible for the failure to appear at the deposition, and the first factor weighs in favor of dismissal.

The second *Poulis* factor weighs in favor of dismissal. "Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). But "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* (citations omitted). In failing to attend his deposition,

Plaintiff has actively prejudiced Defendants from being able to defend themselves against Plaintiff's civil rights claims. This alone has justified dismissal under Rule 37(d) and tends to favor dismissal under the second *Poulis* factor.

The third *Poulis* factor, a history of dilatoriness, weighs in favor of dismissal. "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. But "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* at 260. Here, the court looks to Plaintiff's extensive litigation within the court and finds that he has persisted in repeated delays and failures to follow court orders. In October of 2022, Plaintiff requested a stay in this proceeding alleging that all of his legal paperwork had been lost or destroyed in his transfer from SCI-Coal Township to SCI-Forest. (Doc. 55.) Plaintiff brought similar allegations before the court in his other three out of the four pending cases, seeking extensions of times and sanctions against the defendants in all actions. *See Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW; *Stockton v. Secretary of the Pennsylvania Department of Corrections*, No. 1:22-CV-0114-JPW-EW; and *Stockton v. McGinley*, No. 1:22-CV-00902-JPW-EW. The court ordered a status report regarding Plaintiff's legal paperwork from Defendants. (Doc. 57.) Defendants promptly provided a status report detailing that Plaintiff's property boxes were

7

received by SCI-Forest on September 23, 2023, provided the boxes' locations, and instructions on how Plaintiff could check those boxes out to review his legal paperwork. (Doc. 59.) Despite this information, Plaintiff continues to raise claims regarding his lost or destroyed legal paperwork and seek sanctions against Defendants. (Docs. 101, 101-1, 109.) This is particularly concerning to the court because in *Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW, the court stayed the proceedings and tasked Plaintiff with completing an inventory of the legal property he had in his possession so that it could assist Plaintiff in gathering the allegedly missing records in all his pending actions. *Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW, Doc. 289 (M.D. Pa. Feb. 28, 2023). Plaintiff refused to complete the inventory of the legal property in his possession as instructed by the court. *Id.*, Doc. 292. Therefore, the court lifted the stay and denied the pending preliminary injunction regarding Plaintiff's legal property. *Id.*, Doc. 293.

    Rather than follow court orders in furtherance of a resolution to his case, Plaintiff has taken the approach of sending letters to the court complaining of the court's determinations, consistently filing motions to reconsider the court's orders, and filing motions to impose various sanctions against Defendants and defense counsel. (Docs. 29, 30, 40, 69, 84, 87, 101, 103, 109.) This action has been characterized by a pattern of consistent delay and non-compliance by Plaintiff, militating in favor of dismissal. *See Poulis*, 747 F.2d at 868; *see also Emerson*,

296 F.3d at 191 (finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court mandated deadlines). If Defendants are forced to consistently defend against baseless motions for sanctions, they cannot efficiently litigate the case in controversy.

The fourth *Poulis* factor, whether the conduct of the party or the attorney was willful or in bad faith, weighs in favor of dismissal:

> Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Generally, "willfulness involves intentional or self-serving behavior." If the conduct is merely negligent or inadvertent, we will not call the conduct "contumacious."

*Briscoe*, 538 F.3d at 262 (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)) (citations and brackets omitted). Here, a holistic view of Plaintiff's litigation before this court demonstrates willful bad faith. Out of the four other actions Plaintiff has pending before this court, Plaintiff has filed at least a dozen requests or motions for some form of sanctions against defendants or their attorneys. *Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW, Docs. 219, 250, 272, 300, 307; *Stockton v. Wetzel*, No. 3:19-CV-02228, Docs. 60, 78, 84 and *Stockton v. McGinley*, No. 1:22-CV-00902-JPW-EW, Docs. 39, 48, 96, 113. That is in addition to the three currently pending in this action. (Docs. 101, 103, 109.) In additional, there is the historical refusal to follow court orders and

his failure to appear at the deposition in this action. The court finds that Plaintiff's actions have been willfull and in bad faith. *See Briscoe*, 538 F.3d at 262.

The fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal:

> A District Court must consider the availability of sanctions alternative to dismissal. Where an attorney has caused the delay and noncompliance in the proceedings, [the Third Circuit] ha[s] noted that "under the Federal Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by an unjustified failure to comply with discovery orders or pretrial orders." However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, [the Third Circuit] ha[s] upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative."

*Id.* at 262–63 (quoting *Poulis*, 747 F.2d at 869, and *Emerson*, 296 F.3d at 191) (citations and brackets omitted). Here, Plaintiff is proceeding both *pro se* and *in forma pauperis*.[1] (Doc. 12.) Because he is *pro se*, he has no attorney upon whom this court could impose expenses for failing to comply with the court's orders and with his discovery obligations under the federal rules. Because he is *in forma pauperis*, we conclude that monetary sanctions, including an attorney's fees award, would not be an effective alternative sanction, particularly in light of his past

---

[1] The court notes that due to his abuse of the *in forma pauperis* privileged, Plaintiff's *in forma pauperis* status has been revoked in *Stockton v. McGinley*. *See* No. 1:22-CV-00902-JPW-EW, Doc. 72.

10

history in this case of noncompliance with court orders and obligations imposed by the federal and local rules.  *See Briscoe*, 538 F.3d at 263; *Emerson*, 296 F.3d at 191.

The sixth and final *Poulis* factor, the meritoriousness of the claim, weighs in favor of not dismissing the claim.  Some claims raised in Plaintiff's amended complaint have survived motions to dismiss under Fed. R. Civ. P. 12.  (Doc. 28.)  Therefore, the allegations in the complaint have been sufficient to at least allow litigation to proceed.  However, in reviewing the amended complaint, it appears that the claims surviving the initial Rule 12 motions contain a series of unrelated events.  (Doc. 6.)  The amended complaint details alleged administration of O.C. spray in April of 2020 and June of 2020, a refusal of medical treatment following an injury in July of 2020, a Correctional Officer tugging at his handcuffs in August of 2020, and an interference with his meals in October and November of 2020.  (*Id.*)  Under Federal Rule of Civil Procedure 20, claims against multiple defendants may be joined in the same action only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

See Fed. R. Civ. P. 20(a)(2).  While Plaintiff appears to be alleging a series of retaliatory activities in his amended complaint, there is very little that connects

these separate events. Most were allegedly perpetrated by different Defendants. (Doc. 6, pp. 4–9.) Plaintiff has made no allegations of an ongoing conspiracy sufficient to connect the vast series of events against the sheer number of defendants. Therefore, it is questionable as to whether or not the multitude of claims can be deemed to be part of the same series of transactions or occurrences. But, since the claims did survive a preliminary Rule 12 challenge, the court will find this factor in Plaintiff's favor.

Ultimately, the balance of *Poulis* factors, considered together, clearly weigh heavily in favor of dismissal.

## CONCLUSION

For the foregoing reasons, Defendants' motion will be granted, and this civil action will be dismissed with prejudice as a sanction for the Plaintiff's refusal to appear for his own deposition, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, and as a result of the Plaintiff's failure to prosecute and his failure to comply with court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. All pending motions will be denied as moot.

An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: June 22, 2023