# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:21-CV-00029 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) filed by Defendants. (Doc. 168.) Also pending is Plaintiff's motion for out-of-pocket expenses on appeal, motion for contempt, motion to compel, motion for in-camera inspection, motion for leave to file an amended complaint, and motion to quash. (Docs. 164, 181, 187, 189, 191, 193.) The court will grant in part and deny in part the motion for judgment on the pleadings. The court will deny Plaintiff's motion for out-of-pocket expenses on appeal, motion for contempt, motion for in-camera inspection, motion for leave to file an amended complaint, and motion to quash. The court will order Defendants to respond to Plaintiff's motion to compel. The court will also grant in part Defendants' motion for an extension of time to respond to the pending motions to allow Defendants additional time to respond to Plaintiff's motion to compel.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Ronald Stockton ("Plaintiff"), a self-represented individual currently housed at the State Correctional Institution Forest ("SCI-Forest") in Marienville, Pennsylvania, initiated this action by filing a complaint in January of 2021 and then proceeded to amend the complaint on February 10, 2021.  (Docs. 1, 6.)  The amended complaint raises claims of retaliation, cruel and unusual punishment, and violations of due process against eighteen correctional defendants at SCI-Coal Township.  (Doc. 6.)

Following the resolution of motions brought under Fed. R. Civ. P. 12, the surviving claims include First and Eighth Amendment claims against Defendants Lieutenant Yoder, Correctional Officer Kipp, Sargent Jorden, Correctional Officer Kimmel, Correctional Officer Anthony, Correctional Officer Spohn, and Lieutenant Drucis.[1]  On April 13, 2022, these remaining Defendants answered the complaint.  (Doc. 32.)  On July 27, 2022, the court entered a case management order setting forth deadlines for fact discovery and dispositive motions.  (Doc. 48.)  On January 5, 2023, Defendants filed a motion to take a deposition of Plaintiff pursuant to Fed. R. Civ. P. 30.  (Doc. 71.)  This motion was granted on January 9, 2023, stating, "Defendants may depose Plaintiff Stockton at a place and time suitable to the prison administration wherein Plaintiff is currently confined."  (Doc.

---

[1] See name corrections at Doc. 169, p. 1.

2

72.)  On February 14, 2023, Defendants filed a motion and brief in support to dismiss the case for failure to prosecute alleging that a deposition was scheduled earlier that day and Plaintiff had refused to attend the deposition.  (Docs. 78, 79.)

Plaintiff objected to the motion to dismiss, alleging that no DOC staff notified him of the deposition or came to collect him for the deposition.  (Doc. 96.) Plaintiff also filed three motions seeking various sanctions against Defendants for allegedly falsifying evidence in support of their motion to dismiss.  (Doc. 101, 103, 109.)

The court granted Defendants' motion to dismiss the action based on evidence submitted by Defendants that DOC staff made repeated attempts to inform Plaintiff that he was due for his deposition over the intercom, and Plaintiff refused to respond or leave his cell.  (Doc. 111, p. 5.)[2]  This evidence included affidavits of Correctional Officer K. Mohney and Lieutenant J. Walker and a page from the Adjustment Record for Security Level 5 Inmates indicating that Plaintiff refused to respond over the intercom.  (Docs. 93-1, 93-2.)  In granting Defendants' motion to dismiss, the court found that both sides agreed that no individual came to Plaintiff's cell to gather him for his deposition.  (Doc. 111.)  The court also denied the pending motions seeking sanctions as moot.  (*Id.*)

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

Plaintiff simultaneously filed a motion to reconsider the court's dismissal of his case alleging that the intercom was broken and a notice of appeal of the dismissal to the Third Circuit Court of Appeals.  (Docs. 113, 114.)  In response to the motion for reconsideration, Defendants submitted evidence in the form of an affidavit from the Corrections Facility Maintech Manager at SCI-Forest and computer program printouts demonstrating that no work orders were entered for Plaintiff's intercom.  (Doc. 122-1.)  Plaintiff provided a Facility Manager's Appeal Response to Grievance No. 1029892, in which Lieutenant Walker told Facility Manager J. Blicha that Plaintiff's intercom was not working on the day of the deposition, "which is why staff went to his door and informed him to get ready for his hearing, at which time he refused."  (Doc. 129-1, p. 1.)  Based on this evidence, the court ordered a sur-reply from Defendants before entering an order on the motion for reconsideration.  (Doc. 132.)  In the sur- reply, Defendants did not object to the motion for reconsideration being granted and the case reopened. (Doc. 133.)

Therefore, the court granted Defendants' motion for reconsideration, and vacated the order dismissing the complaint.  (Doc. 136.)  The court's order was forwarded to the Third Circuit Court of Appeals, and Plaintiff's appeal was dismissed for lack of jurisdiction following the order of dismissal being vacated. (Docs. 136, 148.)

On January 26, 2024, the court entered a case management order setting the fact discovery deadline on April 30, 2024 and the dispositive motions deadline on May 31, 2024.  (Doc. 155.)

Plaintiff filed a motion for out-of-pocket expenses incurred on appeal on February 20, 2024.  (Doc. 164.)  Defendants have not responded to the pending motion.

On March 5, 2024, the court approved a stipulated dismissal with prejudice of all claims asserted against Defendant Kimmel.  (Doc. 167.)  The stipulation of dismissal filed with the court states that all parties are to bear their own costs. (Doc. 166.)

On March 13, 2024, Defendants filed the instant motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) seeking partial judgment of the claims raised in the amended complaint.  (Docs. 168, 169.)  Specifically, Defendants are seeking the dismissal of the following six claims: (1) all verbal harassment claims against Defendants Kipp, Jordan, Drucis, Yoder, and Spohn; (2) all claims of non-adherence to agency policy; (3) the Eighth Amendment claim of meal denials against Defendant Spohn; (4) the retaliation claim predicated on deprivation of a table, not cleaning the cell, switching a razor, and disconnection of a phone; (5) claims raised on behalf of a third-party inmate; and (6) the August 5, 2020 denial of medical care claim.  (Doc. 169.)  The court received and docketed Plaintiff's

response on April 2, 2024.  (Doc. 171.)  Defendants filed a reply on April 5, 2024.

(Doc. 174.)

On May 21, 2024, the court received and docketed Plaintiff's motion for

contempt and brief in support.  (Docs. 181, 182.)  On August 20, 2024, the court

received and docketed a second brief in support of Plaintiff's motion for contempt.

(Doc. 195.)

On August 19, 2024, the court received and docketed Plaintiff's motions to

compel, for in camera inspection, for leave to file an amended complaint, and to

quash the motion for judgment on the pleadings and briefs in support of each

motion.  (Docs. 187, 188, 189, 190, 191, 192, 193, 194.)  On September 3, 2024,

Defendants filed a motion for an extension of time to respond to Plaintiff's

multiple motions filed in August.  (Doc. 196.)

The court will address all pending motions.

### JURISDICTION AND VENU

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,

which allows a district court to exercise subject matter jurisdiction in civil cases

arising under the Constitution, laws, or treaties of the United States.  Venue is

proper because the events giving rise to the claims took place at SCI-Coal

Township in Cumberland County, Pennsylvania, which is in this district.  *See* 28

U.S.C. § 118(b).

## RULE 12(C) STANDARD OF REVIEW

After the pleadings are closed, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## DISCUSSION

The court will first address Plaintiff's concern that Defendants' motion for judgment on the pleadings is untimely. The court will then address all pending motions in turn.

### A. Defendants' Motion for Judgment on the Pleadings is Timely.

Plaintiff argues that Defendants' motion for judgment on the pleading is premature because a motion for judgment on the pleadings "is indeed a summary judgment request, requested prior to close of discovery." (Doc. 171, p. 1.) Plaintiff furthers his arguments in his motion to quash Defendants' motion for judgment on the pleadings and seeks sanctions against Defendants for their attempt (in his view) to delay the case. (Docs. 193, 194.)

A motion for judgment on the pleadings and a motion for summary judgment are not equivalent. A motion for judgment on the pleadings is filed pursuant to Fed. R. Civ. P. 12(c) while a motion for summary judgment is filed pursuant to Fed. R. Civ. P. 56. Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. When considering motions for judgment on the pleadings, the court is limited to reviewing the facts

contained in the complaint, "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer*, 605 F.3d at 230.  In contrast, motions filed pursuant to Federal Rule of Civil Procedure 56 may be filed at any time until 30 days after the close of discovery.  Fed. R. Civ. P. 56(b).  When considering a motion for summary judgment, the court may consider evidence outside the complaint.  Fed. R. Civ. P. 56(c)(1).

Therefore, Defendants' motion for judgment on the pleadings is not premature under Fed. R. Civ. P. 12(c).  Moreover, even if Defendants had filed a motion for summary judgment, it would not have been premature under Fed. R. Civ. P. 56(b).  As such, Plaintiff's timeliness challenge and subsequent motion to quash filed under the same theory will be denied.

**B. Defendants' Motion for Judgment on the Pleadings Will Be Granted In Part and Denied In Part.**

**1. Verbal Harassment Claims Against Defendants Kipp, Jordan, Drucis, Yoder, and Spohn**

In the complaint, Plaintiff alleges that on April 17, 2020, Plaintiff asked about a shower, and Defendant Kipp allegedly told him "your Faggot ass like to file paperwork, you won't be showering that Dick today."  (Doc. 6, ¶ 1.)  Plaintiff

also alleges that on April 18, 2020, Defendant Kipp came to his door with a razor with Plaintiff's name written on it and stated "I never loose, and I will pay for reporting him." (*Id.*, ¶ 2.) Plaintiff further alleges that "[o]n 4-19-20 C.O. Kipp that I won't be cleaning my cell for my reports." (*Id.*, ¶ 3.) Plaintiff states that on April 21, 2020, he signed up for a razor, his razor was switched by Defendant Kipp placing his life in danger and when Defendant Kipp returned a few days later, he stated "[a]lmost got you!" (*Id.*, ¶ 4.) Plaintiff alleges that on April 27, 2020, Defendant Kipp stopped at his cell during the collection of trays and stated that Plaintiff was a "pussy and that I spelled his name wrong, after saying some sexual things earlier that I tried to report to Sgt. Stamn whom of which informed me that him and his officers stick together and that his supervisors informed them about me to get me back." (*Id.*, ¶ 5.)

Plaintiff alleges that on April 13, 2020, Defendant Jordan told him that he would pay for assaulting correctional officers and filing lawsuits. (Doc. 6, ¶ 12.)

Plaintiff alleges that on August 2, 2020, Defendant Drucis pulled him out of the cell regarding an abuse allegation filed by Plaintiff's mother and told him that he "is the one who taught RHU staff to 'Spray first and the rest will work itself out!'" (*Id.*, ¶ 14.) Plaintiff further alleges that Defendant Drucis stated the following:

> You think SCI-Huntzdale didn't inform us about your Faggot ass, and
> the amount of paperwork you've been filing. It's no coincidence that

10

> you were put in a cell with a broke toilet, and no property for weeks upon arriving here, and that your lucky we allow you to call your loved ones, we can put an end to that since you still seem to not get the fact that you were sent here to be grinded up, eventually you'll think before you file another complaint.

(*Id.*, ¶ 15.)  Plaintiff alleges that on October 19, 2020, Defendant Drucis carried out his threat to keep Plaintiff from contacting his family.  (*Id.*, ¶ 21.)  Specifically, Plaintiff alleges that his phone list was restricted when Sargent Jordan disconnected a call while he was in mid-conversation.

Plaintiff then alleges that on October 17, 2020, Plaintiff reported to Defendant Spohn that items were missing off his food tray and he was not fixing it, and Defendant Spohn allegedly stated "with all the paperwork you filed on my friend Kipp, your Faggot ass don't have to eat," and took his tray off the slot.  (*Id.*, ¶ 18.)

Plaintiff alleges that on October 17, 2020, Defendant Yoder told him that he was taking his property and moving him to a cell without a table to force him to eat off the toilet during meals.  (*Id.*, ¶ 19.)  Additionally, Plaintiff alleges that Defendant Yoder was involved in the death of another inmate.  (*Id.*)  Defendant Yoder also allegedly stated that he was not going to clean the cell he was moving Plaintiff to after the prior cell resident was diagnosed with COVID-19.  (*Id.*)  Plaintiff alleges that on October 19, 2020, his property was returned damaged.  (*Id.*, ¶ 20.)

Defendants assert that these statements, even assuming they were made, are mere verbal threats or harassments and do not rise to the level of a constitutional violation.  (Doc. 169, pp. 6–7.)  The Third Circuit has consistently held that verbal threats and harassment do not violate the Eighth Amendment.  *See, e.g.*, *Washington v. Rozich*, 734 F. App'x 798, 801 (3d Cir. 2018); *Rieco v. Moran*, 633 F. App'x 76, 79 (3d Cir. 2015) ("words alone cannot establish an Eighth Amendment claim"); *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) (verbal abuse alone is insufficient to violate the Eighth Amendment).  While these cases are nonprecedential and not binding on federal district courts, the court views the Third Circuit's rationale as persuasive and agrees that verbal threats or harassment alone do not violate the Eighth Amendment.  Therefore, the court will grant Defendants' motion as to any potential Eighth Amendment claims associated with these statements.  However, the court recognizes that these statements can be relied upon in establishing the existence of a First Amendment retaliation claim when the amended complaint is read in its entirety.  Therefore, the court will not dismiss any First Amendment claims that rely on these statements as evidence of retaliation.

### 2.  Claims of Non-Adherence to Agency Policy

Plaintiff's amended complaint includes allegations that Defendants Jordan and Drucis failed to follow DOC policy DC-ADM 6.5.1.  (Doc. 6, ¶ 14.)

Specifically, he alleges that these two Defendants failed to have a handheld camera or contact the shift commander as required under DC-ADM 6.5.1.  (*Id.*)

DOC policy does not have the force of law and does not rise to the level of a regulation.  *Atwell v. Lavan*, 557 F.Supp.2d 532, 556, n. 24 (M.D. Pa. Mar. 26, 2008) *citing Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004).  Therefore, a violation of policy alone is insufficient to establish a constitutional violation.  Any claim premised on this failure to follow policy–without more–cannot proceed.

### 3. Eighth Amendment Claim Against Defendant Spohn Premised on Meal Denials

In the amended complaint, Plaintiff alleges that he reported to Defendant Spohn that items were missing off his food tray and Defendant Spohn refused to fix it, stating "with all the paperwork you filed on my friend Kipp, your Faggot ass don't have to eat," and took his tray off the slot.  (Doc. 6, ¶ 18.)

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 8–9

(1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)). Such a claim contains two requirements: an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45.

The denial of a single meal on one occasion is not sufficient under this standard to rise to an Eighth Amendment violation. Therefore, the Eighth Amendment claim will not succeed. However, the court will allow any retaliation claim to proceed based on these specific alleged facts.

### 4.  First Amendment Retaliation Claims Predicated on Deprivation of a Table, Not Cleaning a Cell, Switching a Razor, and Disconnection of a Phone

Plaintiff makes multiple allegations of retaliation throughout his amended complaint.  (Doc. 6.)  Defendants focus on the lack of a table in his cell, the refusal to clean a cell, a switched razor, and a disconnected call and allege each individual action by Defendants is *de minimus*.  (Doc. 169, pp. 9–12.)  Defendants then argue that they are entitled to judgment on each retaliation claim associated with each event.  (*Id*.)  However, Defendants' approach at compartmentalizing each individual retaliatory action negates Plaintiff's attempts at bringing forth his theory of an ongoing retaliatory conspiracy and overlooks the remaining alleged retaliatory activities including the reduction of his items on his food tray and the damage to his property.  Therefore, the court will not grant Defendants' motion as to these claims.

### 5.  Claims Raised on Behalf of a Third-Party Inmate

In the amended complaint, Plaintiff alleges that Defendant Kipp dispensed O.C. spray into the cell of a prisoner knowing that prisoner had just had a seizure, and Plaintiff attempted to report an abuse allegation against Defendant Kipp. (Doc. 6, ¶ 8.)

The Third Circuit has held that inmates do not have standing to sue on behalf of other inmates.  *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).

Therefore, any claim Plaintiff attempts to assert on behalf of this third-party inmate cannot proceed.

### 6. August 5, 2020 Denial of Medical Care Claim

In the amended complaint, Plaintiff alleges that he was denied access to medical care on July 28, 2020.  (Doc. 6, ¶ 13.)  Specifically, he alleges that he accidently cut his hand and asked Defendant Anthony to call medical.  (*Id.*)  He alleges that Defendant Anthony stated: "this will teach your Faggot ass about Filing paperwork," and refused to call medical.  (*Id.*)  Plaintiff alleges that this led to Plaintiff having to wait until a nurse dispensed medication during the next shift over eight hours later.  (*Id.*)

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir.

1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Here, Plaintiff has failed to allege a serious medical need. Nothing in the alleged facts establishes that the alleged cut was "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates*, 834 F.2d at 346–47 (3d Cir. 1987). Therefore, the court will enter judgment in favor of Defendants on any Eighth Amendment claim stemming from the denial of treatment for the cut.

### C. Plaintiff's Motion for Out-of-Pocket Expenses Will Be Denied.

Following Plaintiff's missed deposition, this court granted Defendants' motion to dismiss the action for failure to prosecute. (Doc. 112.) Plaintiff filed both an appeal with the Third Circuit Court of Appeals and a motion for reconsideration in this court. (Docs. 113, 114.) The Third Circuit granted Plaintiff's motion to proceed *in forma pauperis* on appeal and Plaintiff was required to pay the full $505.00 fee in installments regardless of the outcome of the appeal. (Doc. 131.) The court vacated its order dismissing the complaint following Plaintiff's submission of new evidence and Defendants raising no objections to the reopening of the action. (Doc. 136.) The Third Circuit then

dismissed the appeal due to a lack of jurisdiction and denied Plaintiff's request for reimbursement of the filing fee without prejudice to Plaintiff raising the issue before this court. (Doc. 148.) Now Plaintiff is asking for his costs on appeal to be reimbursed by Defendants and an order from this court stopping further installment payments being made from his DOC trust account. (Doc. 164.)

Federal Rule of Appellate Procedure 39(a) states that if an appeal is dismissed, costs are taxed against the appellant. Rule 39(e) allows the filing fee for the notice of appeal to be taxed in the district court for the benefit of the party entitled to the costs. However, under Rule 39(a) Plaintiff is not entitled to costs. Therefore, any award of costs to Plaintiff would be in the form of sanctions. This court has already determined that Defendants' counsel acted in good faith in their submission of evidence in support of their motion to dismiss and denied Plaintiff's requests for sanctions regarding the dismissal of the complaint. (Doc. 154.) Therefore, the court will deny Plaintiff's motion for out-of-pocket expenses.

**D. Plaintiff's Motion for Contempt Will Be Denied.**

Plaintiff has filed a motion seeking the court to hold Defendants in contempt for failing to comply with the court's March 13, 2023 order requiring the production of video evidence from February 14, 2023, Doc. 85, and March 22, 2023 order extending the deadline for the production of evidence to March 27, 2023, Doc. 91. (Doc. 181.) However, Defendants responded to the court's orders

on March 27, 2023, by stating there was no video for the February 14, 2023 missed

deposition and providing affidavits.  (Doc. 93.)  These affidavits were relied upon

in the dismissal of Plaintiff's case for failure to prosecute.  (Doc. 112.)  However,

the court has already found that Defendants' counsel acted in good faith in their

reliance on this evidence.  (Doc. 154.)  Therefore, Plaintiff's motion appears to be

another attempt at raising an issue already disposed of by the court, and will be

denied.

### E. Defendants Will Respond to Plaintiff's Motion to Compel.

Plaintiff has filed a motion to compel Defendants to provide evidence that he

alleges they have withheld through fact discovery.  (Doc. 187.)  Defendants will

provide a response to Plaintiff's motion.

### F. Plaintiff's Motion for Leave to File an Amended Complaint Will Be Denied.

On August 19, 2024, Plaintiff filed a motion for leave to file an amended

complaint with a brief in support.  (Docs. 191, 192.)  Local Rule 15.1 states, in

pertinent part:

> When a party files a motion requesting leave to file an amended
> pleading, the proposed amended pleading must be retyped or reprinted
> so that it will be complete in itself including exhibits and shall be filed
> on paper as a separate document or, in the Electronic Filing System, as
> an attachment to the motion.

Local Rule 15.1.  Plaintiff failed to attach the required proposed amended pleading.

Therefore, his motion will be denied.

### G. Plaintiff's Motion Seeking an In-Camera Review Will Be Denied.

Plaintiff filed a motion seeking the in-camera review of the policy DC-ADM 6.5.1. (Doc. 189.)  As addressed above, the failure to follow DOC policy does not result in a constitutional violation and all claims associated with the violation of the policy will not survive the motion for judgment on the pleadings. *See supra.* Therefore, Plaintiff's motion will be denied as moot.

### H. Defendants' Motion for an Extension of Time Will Be Granted In Part.

Defendants' have requested additional time to respond to Plaintiff's multiple motions received and docketed by the court on August 19, 2024. (Doc. 196.) Plaintiff's motion to compel is the sole motion that remains pending.  Therefore, Defendants' motion will be granted in part, and Defendants will file a response to Plaintiff's motion to compel by October 4, 2024.

### I. Plaintiff's Brief in Support of His Motion for Contempt Docketed and Received on August 20, 2024 Will Be Stricken From the Record.

On August 20, 2024, Plaintiff filed a brief in support of his motion for contempt containing three civil case numbers in the heading. (Doc. 195.)  On December 22, 2023, the court entered an injunction preventing Plaintiff from filing documents with the court that contain more than one case number in the heading. *See Stockton v. Wetzel*, 1:16-CV-00613-JPW-EW, Doc. 337.  Therefore, this brief will be stricken from the record.

## CONCLUSION

For the aforementioned reasons, the court will grant in part and deny in part Defendants' motion for judgment on the pleadings.  The court will grant Defendants' motion for the Eighth Amendment claims associated with verbal threats, all claims associated with non-adherence to agency policy, Eighth Amendment claims against Defendant Spohn premised on meal denials, claims raised on behalf of a third-party inmate, and the August 5, 2020 denial for medical care.  The court will delay entering judgment until resolution of the remaining claims is reached.  The court will deny the motion as to the First Amendment retaliation claims predicated on multiple events, including the deprivation of a table, not cleaning a cell, the switching of razors, and disconnection of a phone. The court will deny Plaintiff's motions for out-of-pocket expenses, motion for contempt, motion for leave to file an amended complaint, and motion for an in-camera review.  The court will order Defendants to respond to Plaintiff's motion to compel and grant their motion for an extension of time to allow said response.  The court will also strike the brief in support of the motion for contempt docketed and received on August 20, 2024 from the record.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 19, 2024