IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:21-CV-00029 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Pending before the court is yet another litany of meritless motions filed by Ronald Stockton ("Plaintiff"), addressing the same issues repeatedly raised by Plaintiff. Such actions on the part of Plaintiff, despite various sanctions in other cases, has caused the court to conclude that Plaintiff no longer seeks resolution of his claims, but merely pursues litigation in this case as a form of retaliation against his jailors, the Pennsylvania Department of Corrections ("DOC") and its employees. In light of this conclusion, the court is persuaded to grant Defendants' motion to dismiss this case as a sanction against Plaintiff for his abusive litigation practices in violation of Federal Rule of Civil Procedure 11.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a self-represented individual currently housed at the State Correctional Institution Fayette ("SCI-Fayette") in LaBelle, Pennsylvania, initiated this action by filing a complaint in January of 2021, and then proceeded to amend

1

the complaint on February 10, 2021. (Docs. 1, 6.) The amended complaint raises claims of retaliation, cruel and unusual punishment, and violations of due process against eighteen correctional defendants at SCI-Coal Township. (Doc. 6.)

Following the resolution of motions brought pursuant to Fed. R. Civ. P. 12, the surviving claims include First and Eighth Amendment claims against Defendants Lieutenant Yoder, Correctional Officer Kipp, Sargent Jorden, Correctional Officer Kimmel, Correctional Officer Anthony, Correctional Officer Spohn, and Lieutenant Drucis.[1] (Doc. 28.) Plaintiff immediately filed a motion for reconsideration of the court's order partially dismissing the complaint. (Docs. 29, 30.)

Plaintiff was transferred to SCI-Forest and there was a dispute regarding the location of his legal property. (Doc. 68.) The court ordered Defendants to file a status report regarding the location of Plaintiff's property. (Doc. 57.) Defendants' status report demonstrated that no property was destroyed, and Plaintiff had periodic access to the property even if it was not maintained in his cell. (Doc. 59.)

Plaintiff filed an amended complaint without the leave of the court on December 12, 2022. (Doc. 65.) The court promptly struck the amended complaint from the record as being filed in violation of Fed. R. Civ. P. 15 and the Local

---

[1] See name corrections at Doc. 169, p. 1.

Rules. (Doc. 67.) Plaintiff filed a motion for reconsideration, which was denied in February of 2023. (Docs. 69, 77.)

On January 5, 2023, Defendants filed a motion to take a deposition of Plaintiff pursuant to Fed. R. Civ. P. 30. (Doc. 71.) This motion was granted on January 9, 2023, stating, "Defendants may depose Plaintiff Stockton at a place and time suitable to the prison administration wherein Plaintiff is currently confined." (Doc. 72.) On February 14, 2023, Defendants filed a motion and brief in support to dismiss the case for failure to prosecute alleging that a deposition was scheduled earlier that day and Plaintiff had refused to attend the deposition. (Docs. 78, 79.)

Plaintiff objected to the motion to dismiss, alleging that no DOC staff notified him of the deposition or came to collect him for the deposition. (Doc. 96). Plaintiff also filed three motions seeking various sanctions against Defendants for allegedly falsifying evidence in support of their motion to dismiss. (Doc. 101, 103, 109.)

The court granted Defendants' motion to dismiss the action based on evidence submitted by Defendants that DOC staff made repeated attempts to inform Plaintiff that he was due for his deposition over the intercom, and Plaintiff refused to respond or leave his cell. (Doc. 111, p. 5.)[2]

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

Plaintiff simultaneously filed a motion to reconsider the court's dismissal of his case alleging that the intercom was broken and a notice of appeal of the dismissal to the Third Circuit Court of Appeals. (Docs. 113, 114.) There was a dispute of material facts presented on reconsideration, and Defendants did not object to the motion for reconsideration being granted and the case reopened. (Doc. 133.) Therefore, the court granted Defendants' motion for reconsideration, and vacated the order dismissing the complaint. (Doc. 136.) The court's order was forwarded to the Third Circuit Court of Appeals, and Plaintiff's appeal was dismissed for lack of jurisdiction following the order of dismissal being vacated. (Docs. 136, 148.)

During this time, Plaintiff began his campaign to sanction Defendants, remove Defendants' counsel, and seek recusal of the undersigned judicial officer. He filed a motion to hold Defendants, as well as the Attorney Generals' Office, in contempt and sought sanctions. (Doc. 101.) He also sought an injunction seeking the termination of non-party employees of the DOC. (Doc. 103.) He also filed a motion seeking the forfeiture of Defendants' counsel as a sanction. (Doc. 109.) The court denied these requests.

Additionally, Plaintiff began filing letters with multiple case numbers in the headings. (Docs. 118, 123, 130, 134, 135, 142, 147, 149.) The court enjoined Plaintiff from filing such documents in his multiple cases before the court. *See*

*Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW, Doc. 337.  Therefore, multiple filings by Plaintiff were stricken from the record for further attempting to file general motions and letters before the court raising complaints in multiple cases at once.  (Docs. 149, 150.)

On March 13, 2024, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) seeking partial judgment of the claims raised in the amended complaint.  (Docs. 168, 169.)  Plaintiff responded with multiple pleadings alleging that the Rule 12(c) filing amounted to a motion for summary judgment and was improperly before the court.  (Docs. 186, 193.)

On May 21, 2024, the court received and docketed Plaintiff's motion for contempt and brief in support.  (Docs. 181, 182.)  On August 20, 2024, the court received and docketed a second brief in support of Plaintiff's motion for contempt.  (Doc. 195.)

On August 19, 2024, the court received and docketed Plaintiff's motions to compel, for in camera inspection, for leave to file an amended complaint, and to quash the motion for judgment on the pleadings and briefs in support of each motion.  (Docs. 187, 188, 189, 190, 191, 192, 193, 194.)  On September 3, 2024, Defendants filed a motion for an extension of time to respond to Plaintiff's multiple motions filed in August.  (Doc. 196.)

When the court denied the litany of pending motions from Plaintiff, it also partially granted the motion for judgment on the pleadings. (Docs. 198, 199, 207.)

In November of 2024, Plaintiff again sought to amend his complaint, he sought multiple reconsideration of the court's orders, and he attempted to reraise his motion to compel, motion for contempt, and motion for sanctions despite all these issues being fully litigated and addressed by the court. (Docs. 208, 210, 214, 216, 220, 222.) Some of these motions are still pending before the court. (Docs. 220, 222.)

In December of 2024, Defendants filed a motion for summary judgment. (Doc. 237.) Rather than taking the time to draft a brief in opposition to the motion, Plaintiff has repeatedly asked for extensions of time. Yet, at the same time, he has filed additional affidavits in support of his motions for contempt, a motion to strike the motion for summary judgment, a motion to stay the action, and a motion for recusal. (Docs. 246, 247, 248, 249, 253, 258, 260, 265.) Plaintiff's most recent motion for an extension of time to respond to the pending motion for summary judgment does not even make a request of the court. (Doc. 270.) The text of the filing only chastises the court and fails to request additional time. (*Id.*)

Now, nearly a month after the filing of Defendants' motion to dismiss due to Plaintiff's abusive litigation tactics, Plaintiff has filed another request for an extension of time. (Doc. 273.)

In total, Plaintiff has filed 14 motions for an extension of time. (Docs. 4, 36, 45, 55, 62, 75, 176, 201, 205, 240, 256, 263, 270, 273.) He has filed eight motions for reconsideration of court decisions. (Docs. 29, 30, 69, 84, 113, 206, 210, 214.) He has filed five motions seeking the court to hold parties and non-parties in contempt and issue sanctions. (Docs. 101, 181, 203, 216, 222.) He has filed four motions to compel that raise issues already addressed by the court. (Docs. 81, 98, 187, 220.) He has also attempted to amend his complaint three times after the answer was filed in the action. (Doc. 65, 191, 192, 205, 208, 209, 243, 257.) A majority of these motions have been accompanied by multiple filings and affidavits in support. The current number of docket entries in this case exceeds 270.

Reviewing the multitude of other cases Plaintiff has filed in this court, Plaintiff has demonstrated a practice of not following court orders, overwhelming the court with repeat filings, and consistently seeking reconsideration of court decisions. *See Stockton v. Pa. DOC*, No. 1:14-00014-WWC-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 3:19-CV-00742-ARC-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 3:19-CV-01262-ARC-EW (M.D. Pa.); *Stockton v. Sec. of Corrections*, No. 3:19-CV-01306-ARC-EW (M.D. Pa.); *Stockton v. Smith*, No. 3:19-CV-01429-ARC-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 3:19-CV-02228-JPW-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 3:19-CV-01747-ARC-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 3:19-

CV-01748-ARC-EW (M.D. Pa.); *Stockton v. Wetzel*, No. 3:19-CV-01930-ARC-EW (M.D. Pa.); *Stockton v. McGinley*, No. 1:22-CV-00902-JPW-EW (M.D. Pa.); *Stockton v. Yoder*, No. 1:24-CV-00723-JPW-EW (M.D. Pa.); *Stockton v. Little*, No. 1:24-CV-00802-JPW-EW (M.D. Pa.); *Stockton v. Sec. of PA DOC*, No. 1:22-CV-00114-JPW-EW (M.D. Pa.). This court has enjoined Plaintiff from proceeding *in forma pauperis* absent a showing of imminent danger under 28 U.S.C. § 1915(g). *Stockton v. McGinley*, No. 1:22-CV-00902-JPW-EW, No. 118 (M.D. Pa.). The Third Circuit Court of Appeals affirmed the court's order on review. *Id.* at Doc. 145-2.

In 2024, Plaintiff filed 25 actions in the Western District of Pennsylvania. The Western District also precluded Plaintiff from filing *in forma pauperis* based on his abusive filing history:

> Her conclusion was based on Stockton's initiation of over twenty new cases in this Court since February 2024, as well as his prior prolific filing activities in the United States District Court for the Middle District as outlined by United States District Judge Jennifer P. Wilson in *Stockton v. McGinley*, C.A. No. 22-092. In addition, Plaintiff has a history of similar state court filings that have languished without frivolous dismissal.

*Stockton v. Harry*, No. 1:24-CV-00033-SPB-MPK, No. 23 (W.D. Pa. Jan. 8, 2025).

Plaintiff has filed at least twenty-five actions in the state court, which Defendants summarized in their brief in support. (Doc. 267, pp. 17–19.) Plaintiff

8

has also had his *in forma pauperis* status revoked in state court. *Stockton v. Moslak*, No. 394 MD 2019 (Pa. Ct. Comm. Pls.).

Defendants now move to have this case dismissed as a sanction for Plaintiff's abusive litigation tactics. (Doc. 266.) The court will now address this motion in full.

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## VENUE

Venue is proper in this district as all acts and omissions giving rise to the claims that survived the Rule 12(b)(6) motion occurred at SCI-Coal Township, which is located within this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Proceeding *in forma pauperis* is a privilege, not a right. *Shahin v. Sec'y of Delaware*, 532 Fed. App'x. 123 (3d Cir. Sept. 4, 2013), *citing White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). The Third Circuit has found it proper for district courts to deny *in forma pauperis* status in extreme circumstances, including when a plaintiff makes abusive filings requiring the expenditure of significant judicial resources. *Douris v. Middletown Tp.*, 293 Fed.App'x. 130, 131–32 (3d Cir. 2008).

Here, the court has found that Plaintiff's repeated filings in this court and state court have risen to the level of such extreme circumstances that his *in forma pauperis* status has been revoked in other cases and he has been precluded from proceeding *in forma pauperis* in any future actions. *Stockton v. McGinley*, No. 1:22-CV-00902-JPW-EW (M.D. Pa.); *Stockton v. Yoder*, No. 1:24-CV-00723-JPW-EW (M.D. Pa.); *Stockton v. Little*, No. 1:24-CV-00802-JPW-EW. At this point, rather than premising their motion to dismiss on Plaintiff's established abuse of the *in forma pauperis* privilege, Defendants are asking that Plaintiff's abusive litigation practice be sanctioned in the form of dismissing the action in its entirety. (Docs. 266, 267.)

### A. Dismissal is Appropriate Under Fed. R. Civ. P. 11 (b) and 41(b).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." See Fed. R. Civ. P. 41(b). The Federal Rules of Civil Procedure require a party presenting a filing to the court to certify that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). If Rule 11(b) has been violated, the court can impose appropriate sanctions on the party. Fed. R. Civ. P. Rule 11(c).

Here, the court will impose a sanction under Rule 41(b) for Plaintiff's repeated violations of Rule 11(b). When determining whether to dismiss an action under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868. Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Here, Defendants argue that Plaintiff is engaging in abusive litigation, which is in violation of Rule 11(b). (Doc. 267.) Beginning with the first *Poulis* factor, because Plaintiff is proceeding pro se, he is personally responsible for his conduct before the court. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Considering the extent of Plaintiff's abusive and frivolous motions set forth above, the first *Poulis* factor accordingly weighs heavily in favor of dismissal.

The second *Poulis* factor—prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery—also weighs in favor of

11

dismissal. Plaintiff's repeated abusive filings against Defendants has made it burdensome for Defendants to proceed with this case.

Examining the third factor—a history of dilatoriness—the court observes that Plaintiff has repeatedly sought additional time to respond to Defendants' motions, and rather than filing a response in the allotted time, he proceeds to file abusive motions for sanctions. As an example, Defendants filed a motion for summary judgment in December of 2024. (Doc. 237.) Plaintiff has yet to respond to this motion. Instead, he seeks a stay alleging that discovery is still pending. (Doc. 258.) The alleged pending discovery issues in the motion are either not argued in his brief or were already addressed by the court in past orders resolving motions to compel. (Docs. 207, 220, 221.) Most strikingly, however, is that during the additional time the court has afforded him to respond to the pending motion for summary judgment, Plaintiff has filed additional motions seeking to strike the motion as a sanction against Defendants and a motion for recusal. (Docs. 248, 265.) Currently pending is another request for additional time to respond to Defendant's motion for summary judgment. (Doc. 270.) During that period, Plaintiff has filed eight additional motions or requests rather than respond to Defendant's pending motion. This demonstrates an intentional refusal to resolve outstanding issues in litigation resulting in willful delay. The third factor accordingly weighs heavily in favor of dismissal.

The court finds that the fourth and fifth *Poulis* factors, whether Plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal, also weigh in favor of dismissal. Plaintiff's repeated filings seeking a different outcome on issues already addressed by the court demonstrates an unwillingness to accept the court's decisions and is in bad faith. Furthermore, it has resulted in an obstruction to fruitful litigation as Defendants are forced to continually defend against repeated accusations of malice and request for sanctions. Plaintiff has repeatedly proven that he is undeterred by lesser sanctions imposed by the court. Thus, these two factors also weigh in favor of dismissal

The sixth factor, the meritoriousness of Plaintiff's claims, weighs against dismissal. Plaintiff's complaint survived, in part, Defendants' motion to dismiss for failure to state a claim and motion for judgment on the pleadings. (Docs. 21, 27, 47, 168, 198.) Therefore, he has established that there was sufficient merit to his claims to proceed with discovery. Currently pending is a motion for summary judgment filed by Defendants. The court makes no determination as to whether or not Plaintiff's remaining claims would survive if considered on its merits.

Upon balancing the *Poulis* factors, the court finds that dismissal of this action for abusive litigation practices pursuant to Federal Rule of Civil Procedure 41(b) for violation of Rule 11(b) is warranted. While his operative complaint has pleaded sufficient facts on some claims to warrant discovery, his repeated motions

13

seeking sanctions against Defendants and their counsel have frustrated litigation. This is further compounded by his apparent refusal to respond to Defendants' potentially dispositive motion for summary judgment while finding the time and resources to file repeated frivolous motions. *See Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

## CONCLUSION

For the afore mentioned reasons, the court will grant Defendants' motion to dismiss the complaint with prejudice and deny all pending motions as moot. The court will then close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: June 9, 2025